\_\_\_ Priority
\_\_\_ Send
\_\_\_ Clsd
\_\_\_ Enter
\_\_\_ JS-5/JS-6
\_\_\_ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT

JUL 26 2005

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

ERLINDA SANCHEZ,

    Plaintiff,

v.

JOANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

No. EDCV CV 04-580 (SH)

MEMORANDUM OPINION
AND ORDER

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On April 26, 1995, Erlinda Sanchez filed an application for a period of disability alleging an inability to work since January 1, 1986. [Administrative Record ("AR") at 40], due to affective mood disorder. [AR at 150.] On February 20, 2004, after various administrative procedures,[1] an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled within the meaning of the Social Security Act [AR 624-632], and Plaintiff makes two challenges to that determination.

Plaintiff asserts that the ALJ erred (1) by concluding that the plaintiff "has neither required nor received extensive psychiatric treatment other than the use of mild anti-depressant medication"; and (2) in rejecting the opinions of disability opined by the treating psychiatrist.

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ erred by concluding that the plaintiff "has neither required nor received extensive psychiatric treatment other than the use of mild anti-depressant medication." Further, Plaintiff contends that her Risperidone[2] prescription was appropriate given a diagnosis of major depression disorder recurrent severe with psychotic features. Plaintiff also contends that the ALJ is under a materially mistaken impression that the Plaintiff's mental condition only merits a "mild" anti-depressant medication. Plaintiff submits that her psychiatric treatment was "extensive," and refers to her psychiatric treatment from June 1999 to December 2003 to support this contention. Defendant argues that there was no harmful error because substantial evidence supported the ALJ's finding that Plaintiff's mental disorder was not disabling. Defendant further argues that the ALJ's characterization of Plaintiff's medication

---

[1] Plaintiff was denied benefits by four administrative law judges. An ALJ consolidated the Plaintiff's subsequent application filed on March 29, 2002. [AR 624, 787-792; Joint Stipulation ("JS") at 2.]

[2] Risperidone (brand name "Risperdal") is classified as an "antipsychotic" medication. [JS 3]

regimen as "mild anti-depressant medication" was essentially, if not technically, accurate. The Court agrees.

The ALJ is responsible for resolving any conflicts or ambiguities in the evidence. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (given other reliable evidence supporting ALJ's decision, a possibly underinclusive hypothetical to vocational expert would be harmless error).

In the present case, the ALJ's statement was a short comment in over two pages of evaluation of the evidence regarding Plaintiff's mental disorder. It did not undermine the ALJ's analysis, which was based on overwhelming evidence cited by the ALJ. [AR 627-29] See Andrews, 53 F.3d at 1041. Further, as Defendant correctly points out, the Plaintiff has not contended that she received extensive psychotherapy, hospitalization, or other forms of mental treatment besides the medication at issue, Risperidone.

The ALJ's analysis included a review of Plaintiff's psychiatric treatment, spanning June 1999 to December 2003. [AR 627-29] The ALJ cited the opinions of two examining psychiatrists, Linda M. Smith, M.D., and Reynaldo Abejuela, M.D. Further, the ALJ cited the reviewing State Agency psychiatrist's opinion. The ALJ found that opinion was consistent with the opinions of the examining psychiatrists, and concluded that the Plaintiff remains capable of performing simple unskilled medium work. [AR 626-631]

To illustrate the insignificance of the challenged phrase from the ALJ's evaluation of the evidence, the factual background is noted as follows:

Plaintiff's "psychiatric treatment" with the treating psychiatrist, Dr. Nguyen, began in June 1999, without a prescription for Risperidone.[3] At that time, Dr. Nguyen prescribed Tradozone and Prozac. In September 2000, Dr. Nguyen did not prescribe Risperidone as part of the Plaintiff's medical regimen. [AR 491, 553, 563-564] Also, in September 2000, examining psychiatrist Dr. Smith assessed Plaintiff with only mild to moderate functional limitations when abstaining from drugs and alcohol. [AR 628] Moreover, Dr. Smith's notes on the Plaintiff's medications do not indicate that Plaintiff was taking Risperidone at the time. [AR 587]

In addition, the ALJ cited determinations from the State Agency board certified psychiatrists. [AR 628] On July 23, 2002, the State Agency psychiatrist wrote, "RX's [prescriptions] were not that heavy-duty," noting that there was no psychosis. Plaintiff had at most a depressive disorder with no restrictions in activities of daily living, and mild to moderate limitations in social functioning, concentration, persistence and pace with no episodes of decompensation. [AR 628, 898, 908-10] In July 2002, the record does not show a prescription for Risperidone. [AR 924-929]

The ALJ also cited the March 1999 opinion of an examining psychiatrist, Dr. Abejuela. The ALJ points out that "[Dr. Abejuela] asserted the [Plaintiff] was able to perform simple unskilled work activity." [AR 628] Dr. Abejuela opined, "[Plaintiff's] ability to understand, remember and carry out simple job instructions is not impaired. [Plaintiff's] ability to understand, remember and perform complex job instructions is mildly impaired as long as she abstains from alcohol and drugs." [AR 437-438] Dr. Abejuela found that "the [Plaintiff's] level of depression and anxiety is mild. There is no

---

[3] The record reflects that Dr. Nguyen treated the Plaintiff from June 1999 to December 2003. [AR 491-99, 506-12, 521-29, 550-64, 595-610, 613-17, 690, 871-86, 924-29, 955-59] Dr. Nguyen evaluated Plaintiff's work capacity in check-off forms, indicating "Marked," "Extreme," and "Unknown" as to work-related limitations in November 2001 [AR 611-12] and "Marked" as to work-related limitations in March 2003 [AR 952-53].

impairment in thought processes or communication." [AR 437] The ALJ found that the Plaintiff could perform simple unskilled work activity. [AR 433-38, 628]

Further, the ALJ cited Dr. Smith's 2003 evaluation. This evaluation, near the end of the Plaintiff's purported "extensive" psychiatric treatment, did overlap in time with Plaintiff's Risperidone prescription. [AR 711, 959] On October 23, 2003, Dr. Smith noted that the Plaintiff was taking Risperidone. [AR 711] However, after examining the Plaintiff, Dr. Smith found no objective evidence of depression or anxiety, and no evidence of post-traumatic stress disorder ("PTSD"). [AR 628] Dr. Smith's evaluation recited Plaintiff's statements that she was seeing shadows, seeing the door and fork move, hearing knocking, and seeing things out of the corner of her eyes. [AR 710] Dr. Smith reported that these were sometimes seen in cases of stress and depression, but these were not psychotic symptoms. [AR 713] Further, Dr. Smith found that "[Plaintiff] did not appear to be entirely genuine and truthful. There was evidence of exaggeration and manipulation. . . At one point [the Plaintiff] started 'false crying.'" [AR 712] The ALJ accepted Dr. Smith's conclusion that the Plaintiff was not impaired in her ability to work. [AR 629, 715-717]

Against this factual background, the ALJ's statement, "[Plaintiff] has neither required nor received extensive psychiatric treatment other than the use of mild anti-depressant medication," was essentially correct. This characterization does not constitute material error and did not lead the ALJ to an erroneous conclusion. Accordingly, there was no harmful error.

//
//
//
//
//

**ISSUE NO. 2:**

Plaintiff asserts that the ALJ erred in rejecting the opinion of disability opined by the treating psychiatrist. Defendant argues that the ALJ provided adequate reasons, supported by substantial evidence, for rejecting the treating physician's assessments. The Court agrees.

Generally, a treating physician's opinion is entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989), citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). A treating physician's opinion is given deference because he or she is employed to cure the claimant and has a greater chance to know and observe the claimant as an individual. Sprague, 812 F.2d at 1230. "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d at 751, citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 n.7 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. §§ 404.1527, 416.927 (2004). "The [Commissioner] may disregard the treating physician's opinion whether or not that opinion is contradicted." Magallanes v. Bowen, 881 F.2d at 751, citing Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986).

Further, "[w]hen a non-treating physician's opinion contradicts that of the treating physician–but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician–the opinion of the treating physician may be rejected only if the ALJ gives 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999) (citations omitted). The ALJ is responsible for resolving any conflicts or ambiguities in the evidence. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.

1989); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). If an ALJ rejects a treating or examining physician's opinion, even if it is controverted by another doctor, he must provide specific, legitimate reasons based on substantial evidence in the record. See Andrews, 53 F.3d at 1043. The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting medical evidence and testimony, stating his interpretation thereof, and making findings. Magallanes, 881 F.2d at 751.

In the present case, the ALJ cited specific, legitimate reasons to reject the treating psychiatrist's (Dr. Nguyen's) opinion, based on the opinions of two examining psychiatrists, opinions of State Agency board certified psychiatrists, inconsistency of Dr. Nguyen's opinion with his case notes, and a lack of clinical testing by Dr. Nguyen. [AR 627-32] Each of these reasons are discussed below.

In rejecting the treating psychiatrist's opinion, the ALJ cited the opinions of two examining psychiatrists, Drs. Smith and Abejuela. [AR 627-30] As discussed above, supra at 5, Dr. Smith found evidence of exaggeration and manipulation and no psychotic symptoms. [AR 713] Further, Dr. Smith's notes in September 2000 do not indicate that Plaintiff was taking Risperidone at the time. [AR 590].

In addition to Dr. Smith's opinion, the ALJ cited the March 1999 opinion of another examining psychiatrist, Dr. Abejuela. The ALJ points out that "[Dr. Abejuela] asserted the [Plaintiff] was able to perform simple unskilled work activity." [AR 628] Dr. Abejuela opined, "[Plaintiff's] ability to understand, remember and carry out simple job instructions is not impaired. The [Plaintiff's] ability to understand, remember and perform complex job instructions is mildly impaired as long as she abstains from alcohol and drugs." [AR 437-438] Dr. Abejuela found that "the [Plaintiff's] level of depression

and anxiety is mild. There is no impairment in thought processes or communication." [AR 437] The ALJ recognized that the Plaintiff could perform simple unskilled work activity. [AR 433-38, 628][4]

Noting Dr. Nguyen's opinions, the ALJ found that "the record as a whole shows the claimant's complaints of symptoms does not have a significant impact on her daily activities." In particular, the ALJ points out that "[Dr. Nguyen's] clinical notes and examination findings do not reveal any significant findings related to these complaints, nor were [the Plaintiff's] symptoms considered of sufficient severity to require extensive treatment or clinical testing." [AR 627] The Plaintiff's treating psychiatrist, Dr. Nguyen, prescribed Risperidone in October 2003. [AR 959] However, the ALJ noted that Dr. Nguyen did not believe that the Plaintiff's impairment could be expected to last at least 12 months. [AR 611-612]

Furthermore, the ALJ found Dr. Nguyen's opinion to be unsupported by clinical findings and was inconsistent with the medical evidence. [AR 629] The ALJ noted that the September 20, 2000 treating source opinion of Diana Baker, Marriage and Family Therapist, "was admittedly accommodative and the writer freely admitted she merely parroted what the claimant told her." Dr. Nguyen signed off on Ms. Baker's report on October 17, 2000. The report contained an assessment of PTSD, major depressive disorder recurrent with severe psychotic features, and a General Assessment of Functioning ("GAF") of 45. [AR 607] As discussed above, the ALJ cited the opinions of Drs. Smith and Abejuela, as well as the opinions of the State Agency board certified psychiatrists to reject Dr. Nguyen's opinion. The ALJ specifically cites Dr. Smith's opinion, finding that the Plaintiff's symptoms showed no evidence of PTSD, and that the symptoms were not psychotic. [AR 628]

---

[4] The ALJ also noted that the State Agency board certified psychiatrists' opinions were also "unsupportive of disability." [AR 628]

Plaintiff contends that while the ALJ states that there was no "objective evidence or credible subjective findings" to support Dr. Nguyen's opinion, the ALJ did not discuss Dr. Nguyen's assessment showing Plaintiff's GAF score of 45. [JS 7; AR 607] However, as stated above, the ALJ *did* discuss the medical findings of Dr. Nguyen and rejected them. The ALJ discussed Ms. Baker's admission that she "merely parroted" her report, which stated a GAF score of 45 in September 2000. This report was signed by Dr. Nguyen, and the ALJ rejected it. Furthermore, the ALJ discussed Dr. Smith's assessments. The record indicates that Dr. Smith assessed a GAF score of 60 in September 2000 [AR 590], as well as a GAF score of 75 in October 2003. [AR 714]

Another legitimate reason for rejection was Dr. Nguyen's lack of any objective testing (or any other medically recognized testing) to support his evaluation. In a check-off form, Work Capacity Evaluation dated November 2, 2001, Dr. Nguyen simply indicated Plaintiff's mental ability to work was markedly to extremely impaired. [AR 611-12] Further, Dr. Nguyen did not support his March 2003 evaluation, indicating "marked" for all limitations. [AR 952-953]

Furthermore, another legitimate reason articulated by the ALJ was the inconsistency of Dr. Nguyen's extreme opined limitations with his own case notes. The State Agency psychiatrist reported this problem, stating, "MSS [Medical Source Statement] is useless and [illegible]. . . Not even internally consistent. . . MSS described as useless." Thomas v. Barnhart, 278 F.3d at 957 (treating physician's opinion of disability may be rejected if unsupported by own examination record). The ALJ accepted the reviewing State Agency psychiatrist's opinion, found it was consistent with the opinions of the consultative and examining psychiatrists, and concluded that the Plaintiff remains capable of performing simple unskilled medium work. [AR 626-631]

The record in this case, in regards to Plaintiff's alleged mental impairments, contains conflicting and inconsistent facts and medical opinions. Where the medical

evidence was in conflict or inconclusive, the ALJ set out a detailed and thorough summary of the facts, medical evidence and testimony, stated his interpretation thereof, and made his findings as required.

Based on the above, the reports and independent clinical findings of examining and reviewing psychiatrists constitute substantial evidence upon which the ALJ properly relied. See Andrews, 53 F.3d at 1041. The ALJ provided adequate reasons, supported by substantial evidence, for rejecting the treating physician's assessments.

Thus, the ALJ properly weighed the evidence in order to come to the conclusion that Plaintiff was not disabled under the Social Security Act. The ALJ found that Plaintiff had the residual functional capacity to perform medium work. [AR 631]

Accordingly, the decision of the Commissioner is affirmed.

DATED: July 26, 2005

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE